COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| DAVID FONSECA. JR., | § | No. 08-08-00277-CR |
| Appellant, | § | Appeal from the |
| V. | § | 171st Judicial District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20050D04352) |
|  | § |  |
|  | § |  |

## **O P I N I O N**

David Fonseca Jr. appeals his convictions for murder (Count I), engaging in organized criminal activity (Count II), and two counts of aggravated assault with a deadly weapon (Counts III and IV). He was sentenced to life in prison for the murder and organized criminal activity convictions, and 45 years' imprisonment for the aggravated assault convictions. All sentences were ordered to be served concurrently. On appeal, he raises two issues in which he challenges the trial court's denial of two motions for mistrial.

Raul Esquival was murdered on June 26, 2005, when Appellant, a member of the Barrio Azteca gang, stabbed him multiple times. Appellant was tried for Mr. Esquival's murder and related offenses in August 2008. During trial, the State presented extensive evidence of Appellant's long history as a member of the "Aztecas," including Appellant's rank and position within the gang, the organization's structure, rules, signature signs, and membership rites. A jury convicted Appellant of all the charges, and the court sentenced him to incarceration for life for

the murder.

Issues One and Two both address what Appellant characterizes as improper references to his alleged associations with a "prison" gang.[1]  In Issue One, Appellant contends the trial court erred by overruling his motion for a mistrial after the State's attorney "mentioned in opening argument that [Appellant] belonged to a prison gang."  In Issue Two, Appellant argues the trial court erred by denying his second request for a mistrial during the State's case-in-chief, "that [Appellant] belonged to a prison gang."  Because both complaints fail for failure to preserve the alleged error for appellate review, we will address them together.

Prior to opening statements, defense counsel requested a motion in limine requiring the State to refrain from using the term "Barrio Azteca" in reference to Appellant's gang membership, due to the amount of media coverage surrounding this and other related cases.  Specifically, counsel expressed concerns about the potential for prejudice given the wide public knowledge that the Barrio Azteca gang is a "prison gang," and requested that the prosecution refer to the organization simply as a "criminal street gang."  The prosecution agreed to limit the jury's exposure to the term "prison gang" during the presentation of evidence.  The court instructed the State to counsel its witnesses not to refer to the Barrio Azteca Gang by its name and not as a "prison gang" during their testimony.

Appellant complains that the State violated the court's limine ruling in two instances.  First, after the prosecution's opening statement, defense counsel made the following objection:

During the State's opening argument when he mentioned the word 'prison.'  At

---

[1] Appellant's attorney objected to the evidence of his membership and activities with the Barrio Aztecas several times during the State's case-in-chief.  On appeal, Appellant does not challenge any of the trial court's rulings related to those objections.

this time, I am asking for the Court to grant a mistrial on the grounds that it violates your previous order. And the mention of word 'prison' along with Barrio Azteca is highly prejudicial to the defense -- to the defendant's due process right of prosecution.

The court denied the motion, and there was no further discussion on the objection.

Second, during the State's presentation of evidence an eye-witness made references to seeing Appellant "throwing me Azteca gang signs," and using Azteca slang including, "que putos," which the witness referred to as a "prison gang word." Defense counsel objected to the witness's statement, and after the court indicated it intended to hold its ruling on the objection, counsel continued:

I think in terms the record and I would have to say that this point the errors [sic] has been done. I think at this point if you -- I am going to object to this witness stating the word prison. I think the only cure -- I mean, I am going to have to ask for an instruction. I am going to have to ask for a mistrial.

The court denied the motion and instructed the jury to disregard the witness's statement. The State continued to question the witness without further discussion or argument on Appellant's motion.

Appellant now contends that the trial court abused its discretion by denying his motions on the basis that the reference and evidence relating the Barrio Aztecas and "prison" violated Texas Rules of Evidence 404(b). Appellant argues that by relating Appellant's gang membership to "prison," the State improperly introduced evidence of prior bad acts, specifically that Appellant had been previously convicted of other criminal activity, and had served prison time. Appellant fails to cite to any point in the record where these objections and this argument were presented to the trial court. Instead, Appellant relies on the trial court's limine ruling, and concludes that the two "prison" references violated that ruling to such a degree that he is entitled

to a new trial.

To preserve a complaint for appellate review the record must demonstrate that the complaining party made a timely and specific objection and obtained a ruling. *See* TEX.R.APP.P. 33.1(a). In addition, the objection made to the trial court must comport with the argument raised on appeal. *Jenkins v. State*, 912 S.W.2d 793, 810 (Tex.Crim.App. 1993). A trial court's limine rulings alone, preserve nothing for review. *Gonzales v. State*, 685 S.W.2d 47, 50 (Tex.Crim.App. 1985). Neither Appellant's motions for mistrial nor the trial court's limine rulings preserved the arguments he now raises for appellate review. Issues One and Two are therefore overruled for lack of preservation.

Having overruled both of Appellant's issues, we affirm the trial court's judgment.


March 23, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)